## H. FOCKE AND H. M. VON HOLT, TRUSTEES UNDER THE WILL AND OF THE ESTATE OF JAMES GAY, DECEASED, *v.* LLEWELLYN NAPELA GAY ET AL.

## No. 1348.

MOTION FOR ALLOWANCE OF EXPENSES OF APPEAL TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT AND FOR LEAVE FOR THE GUARDIAN AD LITEM OF THE MINOR RESPONDENTS TO ENGAGE AND PAY COUNSEL.

ARGUED SEPTEMBER 12, 1922.               DECIDED OCTOBER 3, 1922.

PETERS, C. J., EDINGS AND PERRY, JJ.

INFANTS—*guardians ad litem—instructions of court.*

Where the minors' appeal from the final decree of this court to the ninth circuit court of appeals has been perfected by their guardian ad litem this court is without jurisdiction to entertain an application by the guardian ad litem for authority to employ counsel on said appeal.

SAME—*same—allowances.*

Nor has this court jurisdiction under the circumstances to make allowances by way of a retainer to the guardian ad litem or for counsel fees or for °costs disbursed or necessarily to be disbursed in connection with such appeal.

SAME—*same—same.*

Allowances to a guardian ad litem for costs and disbursements are usually made by way of reimbursement; allowances for counsel fees, usually when earned.

OPINION OF THE COURT BY PETERS, C. J.

This is an application by the guardian ad litem of the minor respondents for the allowance to him of a reasonable retainer as the attorney for said minors upon their appeal to the United States circuit court of appeals for

the ninth circuit from the final decree of this court herein; also for authority to employ certain San Francisco attorneys to represent the minors before the appellate court and finally for an order directing the trustees under the will of James Gay, deceased, complainants herein, to pay to the guardian from the funds of said estate such retainer as may be allowed him, a reasonable attorneys' fee for the services to be rendered by such San Francisco attorneys, certain expenditures heretofore made by the guardian and certain estimated costs and expenses that he will necessarily hereinafter incur in connection with such appeal.

The appeal of the minors has been fully perfected with the exception of the preparation and filing of the record on appeal.

There are no statutory provisions in this jurisdiction for the appointment of guardians ad litem. Courts making such appointments do so pursuant to their inherent powers. This court unquestionably has power to appoint guardians ad litem. But whatever its power in a proper case to advise and instruct a guardian ad litem upon the propriety of taking an appeal on behalf of his ward from the final judgment or decree of this court, including the ancillary authority of employing counsel thereon, after such appeal has been perfected and the cause removed to the appellate court an application for such instruction comes too late. Such disbursements as have been made by the guardian ad litem and such additional estimated disbursements as will be necessarily required, were made and will be made in connection with appellants' appeal. The allowances as prayed by way of retainer and fees for San Francisco counsel are in the same category. None of the items of expenditure is in connection with any duty performed or to be performed by the guardian ad litem in this court but on the contrary all are in con-

nection with the duties assumed by him in the appellate court. Under the circumstances this court is without jurisdiction to make any order in the premises.

The authorities are in conflict as to what court the guardian should apply for reimbursement of costs and expenses incurred upon appeal, including counsel fees. Some hold that such application should be addressed to the appellate court in which the costs and expenses were incurred and services rendered, while others that they should be addressed to the court in which the guardian was originally appointed and in which the final judgment or decree will ultimately be entered. We think the latter rule to be the preferable one.

This court has from time to time in the past exercised concurrent jurisdiction and allowed counsel fees to guardians ad litem for services rendered in this court. The rule of evidence in respect to the value of professional services renders such action peculiarly appropriate. But this court has never made allowances of that character in advance. Costs and expenses of a guardian ad litem are usually considered only when asked for by way of reimbursement; counsel fees, usually when earned. It is not incumbent upon a court to see to the proper application of advances nor is it proper to determine in advance the reasonable value of services as yet unperformed.

The application is denied without prejudice to the guardian ad litem to apply to the court of his original appointment for authority to employ counsel on appeal and for reimbursement of costs and expenses on appeal.

*H. Edmondson* for the minor respondents-movants.

*R. A. Vitousek* for the life tenants.

*W. L. Stanley* for the trustees.