H. FOCKE AND H. M. VON HOLT, TRUSTEES UNDER THE WILL AND OF THE ESTATE OF JAMES GAY, DECEASED, *v.* LLEWELLYN NAPELA GAY, ET AL.

No. 1445.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED MARCH 5, 1923.                    DECIDED MAY 1, 1923.

PETERS, C. J., PERRY, J., AND CIRCUIT JUDGE ANDRADE IN PLACE OF LINDSAY, J., DISQUALIFIED.

INFANTS—*actions—guardian ad litem—powers and duties—appeals.*

A guardian ad litem has not only the power but it is his duty in a proper case to seek review of a decree adverse to his ward if he believes in good faith that the court rendering the decree has committed error and an appeal is necessary for the protection of the interests of his ward.

SAME—*same—same—same—employment of attorneys—reimbursement for reasonable expenses of appeal.*

In a proper case leave should be granted a guardian ad litem, who has perfected an appeal on behalf of his wards from a decree of this court to the ninth circuit court of appeals, to employ San Francisco counsel to assist him in the preparation of appellants' brief and to present the cause on appeal before the appellate court. Likewise the guardian should be reimbursed for his reasonable costs and expenses incurred in the prosecution of such appeal.

OPINION OF THE COURT BY PETERS, C. J.

After this court had declined to consider the motion of the guardian ad litem of the minor respondents for allowance of expenses on appeal to the United States circuit court of appeals of the ninth circuit for leave to engage counsel to represent the guardian before the ap-

pellate court (26 Haw. 623) the guardian renewed his motion, with but minor exceptions, in substantially the same form before a judge of the circuit court of the first circuit, the court of his original appointment. The motion was denied and the matter is again before us for review upon appeal by the guardian.

The motion involves the preliminary question of the authority of the guardian ad litem to take an appeal on behalf of his wards and his good faith in so doing. Favorable action upon any of the items involved in the motion would be tantamount to a ratification of the guardian's actions in prosecuting the appeal.

A guardian ad litem has not only the power but it is his duty in a proper case to seek review of a decree adverse to his ward if he believes in good faith that the court rendering the decree has committed error and an appeal is necessary for the protection of the interests of his ward. The guardian ad litem herein is an attorney of this court and the record discloses that in procuring the appeal he acted not only upon his own judgment but also upon that of his former associate in the case who advised him that in his (the associate's) opinion this court had committed error in the entry of the decree from which the appeal was prosecuted. From an examination of the record upon the motion and an examination of the briefs and the opinion of this court upon the merits of the case itself it would appear that the guardian ad litem acted in good faith in prosecuting the appeal on behalf of his wards.

Nor should the prosecution of the appeal be hampered or obstructed in any way. The utmost latitude consistent with the duties that the guardian ad litem owes his wards and the court of his appointment should be accorded him in determining the means to be employed to render the appeal effective. The guardian according to his verified

motion and his evidence given in support thereof deems it necessary in his opinion to employ San Francisco counsel to assist in the prosecution of appellants' brief and to present the cause on appeal before the appellate court. While the name of the guardian ad litem appears on the brief in this court and he personally presented the same upon the oral argument it is not uncommon for counsel, however learned, to secure assistance in the preparation of briefs on appeal. The desire for assistance may be especially acute where counsel, confident of the merits of his client's cause, has been unable to convince the intermediate appellate court thereof and further review is sought in the court of last resort. Morover, while some causes on appeal from this jurisdiction to the ninth circuit court of appeals are submitted simply on the briefs filed, it is a matter of common knowledge that in the majority of cases San Francisco counsel are employed to represent the appellant before the appellate court. Though the time allowed for argument in the circuit court of appeals under its rules is quite brief appellees may be represented by counsel who may insist upon oral argument, in which event personal representation of the appellants upon submission might be advisable. Again, there may be reason to believe that the short period of time intervening between the time required by the rules for the filing of appellees' brief and the time of oral argument makes it advisable to have counsel familiar with the issues on the ground to be both able and available to make reply to any additional points that the reply brief might raise. Other contingencies equally persuasive might be stated. Obviously it would be less expensive to engage attorneys in San Francisco than for the guardian or some other attorney resident in Honolulu to leave his practice and go to San Francisco to present the appeal. Economy would therefore also seem to coun-

sel the employment of San Francisco attorneys. Under all the circumstances we feel that the guardian ad litem should be granted leave to employ San Francisco counsel to assist in preparing appellants' brief and representing appellants in said cause before the appellate court.

The foregoing, however, is not to be taken as approving in any way the maximum fee suggested in connection with such employment. The fees to which San Francisco counsel retained by the guardian ad litem may become entitled will properly come up when application is made to the court of the guardian's appointment for reimbursement or allowance therefor.

We think the lower court also erred in denying reimbursement of the guardian for his reasonable expenses thus far incurred. These include the items of $10 for premium upon a bond on appeal; $2.40 for certified copies of orders extending time to file record on appeal; $1 for affidavits; $1.60 for cable to San Francisco and $.60 for postage. The guardian having taken the appeal in good faith he should be reimbursed in the amount of his reasonable costs and expenses incurred in that behalf.

Advances for the estimated costs of preparation and printing of the record on appeal and for the printing of appellants' brief were properly denied. The propriety of ordering advances to be now made to cover these items or making any order in advance of the service being rendered and of a determination of the reasonableness of the charges made therefor was fully discussed in our opinion on the former motion made in this court and requires no enlargement here.

The court refrains at this time from determining against whom or against what fund counsel fees for San Francisco counsel or the amounts of reimbursement for expenses of the guardian thus far incurred should be charged. Consideration of this phase of the question would more

appropriately come up on the determination by the appellate tribunal of the merits of appellants' appeal.

A decree consistent with the views herein expressed will be signed upon presentation.

*W. L. Stanley* (*E. A. Mott-Smith* with him on the brief) for the trustees.

*L. J. Warren* (*W. O. Smith* with him on the brief) for the life tenants.

*H. Edmondson,* Guardian ad litem (also on the briefs), in person.